IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Christopher D., | ) |
|        Plaintiff, | ) |
| v. | ) Case No.: 20-cv-50435 |
| | ) Magistrate Judge Margaret J. Schneider |
| Carolyn W. Colvin, | ) |
| Acting Commissioner of Social Security,[1] | ) |
|        Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

    Plaintiff, Christopher D., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. The parties have filed cross motions for summary judgment [33], [34]. For the reasons set forth below, Plaintiff's motion for summary judgment [33] is granted and the Commissioner's motion for summary judgment [34], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

**BACKGROUND**

    A.    Procedural History

    On July 7, 2017, Christopher D. ("Plaintiff") filed an application for child's insurance benefits.[2] R. 13. This application alleged a disability beginning on April 9, 2002. *Id.* The Social Security Administration ("Commissioner") denied his application on October 31, 2017, and upon reconsideration on August 15, 2018. *Id.* Plaintiff filed a written request for a hearing on October 6, 2018. *Id.* On November 12, 2019, a hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Christopher D. appeared and testified. Plaintiff was represented by counsel. *Id.* At the hearing, Plaintiff's mother also appeared and testified, as well as impartial medical expert, Kweli J. Amusa, and Vocational Expert, Tobey Andre. *Id.* Also at the hearing Plaintiff amended his alleged onset date to September 30, 2019.[3] *Id.*

---

[1] Martin J. O'Malley resigned as Commissioner of the Social Security Administration on November 29, 2024, and Carolyn W. Colvin has taken over as Acting Commissioner. Carolyn W. Colvin is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

[2] The Social Security Administration allows for payment of disabled child's insurance benefits if the claimant is 18 years of age or older and has a disability that began before attaining age 22. *See* 20 C.F.R. § 404.350(a)(5).

[3] Plaintiff was born October 27, 2001, and had not attained the age of 22 as of September 30, 2019, the amended alleged onset date. R. 15.

On February 21, 2020, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 13-27. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-9. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [7]. Now before the Court are Plaintiff's motion for summary judgment [33], the Commissioner's cross-motion for summary judgment, and response to Plaintiff's motion for summary judgment [34]. Plaintiff also filed a reply brief [35].

B. The ALJ's Decision

In her ruling, the ALJ followed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the amended alleged onset date of September 30, 2019. R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: arrhythmia with 2012 pacemaker implantation, asthma, right wrist midcarpal instability, attention deficit hyperactivity disorder, depression, anxiety, and learning disorder. *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 16-19.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work but with the following non-exertional limitations: Plaintiff can occasionally lift and carry 20 pounds; frequently life and carry 10 pounds; sit six hours in an eight-hour workday; stand and/or walk four hours in an eight-hour workday. Plaintiff can never climb ladders, rope, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently push, pull, handle and finger with the right upper extremity. Plaintiff must avoid unprotected heights, dangerous heavy moving machinery, extreme cold, extreme heat, and extreme humidity, and can have only occasional exposure to dust, gases, odors, fumes, and pulmonary irritants. Plaintiff can understand, remember, and carry out simple routine, and repetitive tasks. He is not able to meet fast-paced hourly production goals but is able to meet end of day goals. Plaintiff can use judgment limited to simple, work-related decisions. He can have occasional interaction with supervisors and coworkers but is not able to perform tandem or coordinated tasks with coworkers. Plaintiff can have brief and superficial interaction with the general public. R. 19. At step four, the ALJ found that Plaintiff had no past relevant work. R. 25. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including inspector, bonder (semi-conductor), and final assembly of eye wear. R 26. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from April 9, 2002, through the date of decision, February 21, 2020. R. 27.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); see also *Warnell*, 97 F.4th at 1054; *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("While we have never required an ALJ to address every piece of evidence or testimony in the record, the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits.").

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

## DISCUSSION

Plaintiff argues the ALJ erred in (1) rejecting part of the opinion of the state agency doctors; (2) failing to properly account for Plaintiff's limitations with concentration, persistence, and pace in the RFC; (3) applying the incorrect legal standard in her evaluation of Plaintiff's plantar fasciitis; and failing to support the step five determination with substantial evidence. The Court agrees that the ALJ erred in her evaluation of the state agency doctors' opinions, and therefore, remands this matter for further proceedings. Because this failure alone warrants remand, the Court need not address Plaintiff's other arguments.

In evaluating the state agency psychological consultants' opinions, the ALJ noted this:

> In prior administrative findings, State agency psychological consultants at the initial and reconsideration levels determined that the claimant could remember locations or work-like procedures and could also understand and remember short, simple instructions, but has difficulty remembering detailed instructions. They found the claimant has difficulty carrying out detailed instructions and maintaining attention and concentration for extended periods of time. They found the claimant limited to work tasks that do not require interaction with the general public. They

3

stated the claimant has the ability to respond appropriately to changes in work setting, being aware of normal hazards and travel in unfamiliar settings. Finally, they indicated the claimant is capable of performing one- and two-step tasks (Ex. 1A, 3A). These prior administrative findings are persuasive with regard to the limitation to simple tasks and avoidance of public interaction, but not with regard to a limitation to one- to two-step tasks. They are supported internally by explanation and the inclusion of findings from the record, such as the claimant's reported activities of daily living. They are also consistent with the evidence as a whole, specifically, the claimant's case manager's report of difficulty relating to peers. They are also consistent with the claimant's history of poor focus and attention as evidenced by his diagnosis of attention deficit hyperactivity disorder and IEP accommodations such as additional time for testing and completion of homework (See, e.g., Hearing testimony; Ex. 3E; 8E; 16E/94-96; 19E; 9F).

R. 24.

As noted, the ALJ found the state agency psychological physicians' opinions persuasive, supported, and consistent with the medical record findings, Plaintiff's subjective analysis, Plaintiff's case manager's report, and "evidence as a whole," except "not with regard to a limitation to one to two-step tasks." *Id*. No where in the ALJ's conclusions does she explain why she does not find persuasive the state agency psychological physicians' opinions as to the one to two-step tasks.

While it is well-established that "nothing requires the ALJ to adopt each and every limitation opined by a physician, even when she finds the opinion persuasive," *Darius B. v. O'Malley*, No. 23 C 3699, 2024 WL 1214571, at * 3 (N.D. Ill. March 21, 2024) (citations and quotations omitted), the ALJ is required to build an accurate and logical bridge from the evidence to her conclusions. *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) ("An ALJ need not address every piece of evidence, but [s]he must establish a logical connection between the evidence and [her] conclusion." (citation omitted)). Here, that did not happen and, significantly, this error is not harmless.

Limiting Plaintiff to one to two-step tasks would have impacted the RFC determination. At the hearing, the ALJ provided the Vocational Expert ("VE") with a hypothetical consistent with the RFC. The VE testified that under the identified RFC, Plaintiff would be able to perform the occupations of inspector; bonder, semi-conductor; or final assembler of eye wear. R. 26. The VE testified that all three occupations are a "specific vocational preparation level" ("SVP") 2. The SVP is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, Appendix C, II. A level 1 SVP requires "short demonstration only"; a level 2 SVP requires "anything beyond short demonstration up to and including 1 month." *Id*. Plaintiff argues that an individual limited to one to two-step tasks would presumably be limited to SVP level one occupations.  However, the Court cannot predict or assume that work restricted to one to two-step tasks would fall exclusively under SVP level 1 occupations, or whether this type of work restriction could be found in SVP level 2 occupations. Defendant does not address this in his brief. Further, Defendant provides no substantive response

4

to Plaintiff's argument that the ALJ failed to provide any reasoning as to why she did not find this limitation persuasive. Defendant simply states that Plaintiff's claim must be rejected because an ALJ is not required to adopt every limitation opined by a physician. The Court agrees with Plaintiff that the ALJ's opinion lacks reasoning as to rejecting this limitation.

Therefore, the Court finds the ALJ failed to properly evaluate the state agency psychological consultant's opinions. "While the Court acknowledges that ALJs generally need only 'minimally articulate' their reasoning in assessing medical opinions, the Court holds that the ALJ failed to meet even this standard, because [she] failed to build a 'logical bridge' from the evidence to [her] conclusion." *Vall B. v. Kijakazi*, Case No.: 1:19-cv-07759, 2022 WL 4551888, at *10 (N.D. Ill. Sept. 29, 2022). The case is remanded for further consideration of this issue. Plaintiff has raised other arguments, but further analysis of these issues is not necessary because they would not change the result here and can be addressed more fully on remand. Plaintiff's counsel should raise all such issues with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [33] is granted and the Commissioner's motion for summary judgment [34], is denied. This matter is remanded to the Commissioner for further proceedings consistent with this order.

Date: January 15, 2025                ENTER:

_Margaret J. Schneider_
United States Magistrate Judge